## N IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELIZABETH SHORT                          :
                                         :
      Plaintiff,                  :     CASE NO.
                                         :
      v.                          :     TRIAL BY JURY DEMANDED
                                         :
STATE OF DELAWARE DIVISION :
OF HEALTH AND SOCIAL                     :
SERVICES                                 :
                                         :
      Defendants.                 :

## COMPLAINT

## THE PARTIES

1.    Plaintiff, Elizabeth Short ("Plaintiff") was at all times relevant to this complaint a resident of Dover, Delaware.

2.    Defendant, State of Delaware Division of Health and Social Services, ("DHSS") ("Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3.    The jurisdiction of this court is invoked pursuant to the First Amendment of the United States Constitution; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; As such, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1337.

## VENUE

4.     The unlawful employment practices alleged herein were committed within the State of Delaware.  Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     Prior to the filing of this action, the plaintiff timely filed a Charges of Discrimination with the Equal Employment Opportunity Commission on or about December 31, 2019.

6.     On or about May 4, 2021, the EEOC issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff on or about May 4, 2021.  *EEOC Right to Sue Notice* attached as Exhibit 1.

## FACTS

7.     In 2016, Short was employed by DHSS in the position of Casual Seasonal Office Manager.

8.     On May 13, 2019, Short was employed with DHSS in the position of Merit Administrative Assistant I.

9.     Throughout this time, DHSS was aware that Short had a disability by the fact that she was allowed to work with a service dog.

10.     Other DHSS employees often complained about Short's service dog.

11.     As a result of her known disability, Short was subject to scrutiny by her supervisors and harassment by her co-workers.

12.     Short had been diagnosed with PTSD, depression and anxiety as a U.S. veteran, in addition Short experiences seizures, in which her service dog is trained to help her with.

13.      During her employment, Short had been a satisfactory performer with no disciplinary issues.

14.     On October 22, 2018, Short applied for a Workers Compensation claim.

15.     After Short applied for a Workers Compensation claim, she was subject to further intense scrutiny.

16.     In May 2019, DHSS Respondent Management Official (RMO) Kimberly Boulden falsely accused Short of changing her work hours and threatened Short with a ten (10) day suspension.

17.     Short received a letter of reprimand in her file.

18.     Due to Boulden's threatening tone, Short left work early that day due to the extreme stress. Boulden made Short use FMLA leave for leaving early.

19.     In August 2019, Short's location went under lockdown due to an outside threat.

20.     Short informed other office workers via email that the building was on lockdown for safety reasons.

21.     When the threat was over, Short informed the office that the lockdown was over.

22.     Based on Short's duties and responsibilities, it was perfectly appropriate for her to send such emails.

23.     Shortly thereafter, a meeting was conducted with the RMOs via phone in which Short was threatened with a suspension again.

24.     On August 30, 2019, Short was approved for FMLA leave due to a scheduled surgery for her shoulder injury from October 2018.

25.     While still on FMLA leave, September 4, 2019, Short was informed by DHSS that her employment was terminated due to policy violations.

26.     As soon as Short applied for worker's compensation benefits, she was under the proverbial microscope by RMO Boulden.

27.     In addition, she was terminated while on FMLA leave.

28.     Due to the increased emotional stress due to the work harassment, Short has experienced seizures, weight loss and is seeing a therapist.

## COUNT I-DISABILITY DISCRIMINATION-
## AMERICANS WITH DISABILITIES ACT-
## FAILURE TO ACCOMDATE AND TERMINATION OF EMPLOYMENT

29.     Paragraphs 1 through 28 are hereby realleged and incorporated herein

by reference as if fully set forth herein.

30.     Such acts as described above by Defendant, State of Delaware DHSS, its agents and employees, constitute unlawful disability discrimination against Plaintiff in violation of 19 Del. Code §711 et. seq

31.     In addition, Defendant unlawfully terminated Plaintiff because of her disability, the symptoms of her disability, and/or because of the fact that she is required to take leave to control the symptoms of her disability.

32.     As a direct and proximate result of Defendant's unlawful discrimination, in the nature of disability discrimination, by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and potential lost wages and lost benefits.

## COUNT II – RETALIATION
## AMERICANS WITH DISABILITIES ACT

33.     Paragraphs 1 through 32 are hereby realleged and incorporated herein by reference as if fully set forth herein.

34.     Such acts as described above by Defendant, State of Delaware, DHSS, its agents and employees, constitute unlawful continuing retaliation against Plaintiff for having complained of discrimination, and for having complained of discrimination and then filing a Charge of Discrimination with the Delaware

Department of Labor and EEOC, and for having filed the instant lawsuit, in violation of 19 Del. Code §710 (6).

35.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

## COUNT III - FMLA DISCRIMINATION

36.     The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 35.

37.     Here, Plaintiff took medical leave and was a member of a protected class.

38.     Plaintiff was terminated as of result of her taking medical leave.

39.     DHSS cannot overcome their burden of demonstrating that Plaintiff's termination was not related to her FMLA leave.

40.     As a direct and proximate result of defendant's unlawful discrimination, in the nature of discrimination and retaliation by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety, lost wages, and lost benefits.

## COUNT IV - FMLA RETALIATION

41.     Paragraphs 1 through 40 are hereby realleged and incorporated herein by reference as if full set forth herein.

42.     Plaintiff took or requested to take FMLA leave on.

43.     Plaintiff suffered an adverse employment decision when she terminated by letter during her medical leave.

44.     The adverse employment decision was causally related to her FMLA leave since it occurred immediately after her FMLA leave and prior to her return to work.

45.     Plaintiff is entitled to equitable relief (including reinstatement and promotion), economic damages (including lost wages and benefits), liquidated damages, and interest.

46.     In addition, Plaintiff will be also entitled to attorneys' fees, expert witness fees and other costs. 29 U.S.C. §2617(a)(3); 29 C.F.R. §400(c)

## COUNT V
## WORKERS COMPENSATION RETALIATION

47.     Paragraphs 1 through 46 are hereby realleged and incorporated herein by reference as if full set forth herein.

48.     Plaintiff took or requested to Workers Compensation from Defendant.

49.     Plaintiff suffered an adverse employment decision when she was scrutinized and  terminated by letter during her medical leave.

50.    The adverse employment decision was causally related to her Workers Compensation.

51.    Plaintiff is entitled to equitable relief (including reinstatement and promotion), economic damages (including lost wages and benefits), liquidated damages, and interest.

52.    In addition, Plaintiff will be also entitled to attorneys' fees, expert witness fees and other costs. 29 U.S.C. §2617(a)(3); 29 C.F.R. §400(c)

**WHEREFORE**, Plaintiff requests this Honorable Court enter a judgment in his favor and against the Defendants as follows:

a.    Declare the conduct engaged in by the defendant to be in violation of the plaintiff's statutory rights.

b.    Award the plaintiff sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

c.    Award the plaintiff compensatory such as front pay and punitive damages not otherwise specified.

d.    Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

e.    Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and

f.      Such other and further relief as this Court deems just and proper.

**THE POLIQUIN FIRM, LLC**

<u>/s/ Ronald G. Poliquin</u>
Ronald G. Poliquin, Esq.
DE Bar I.D. No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5500
*Attorney for Plaintiff Elizabeth Short*

Dated: August 2, 2021