# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ELIZABETH SHORT      :
            :
     Plaintiff,     :    C.A. No.  1:21-cv-1121-CFC
            :
   v.          :
            :
STATE OF DELAWARE DIVISION :
OF HEALTH AND SOCIAL    :
SERVICES        :
            :
     Defendant.    :

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

 */s/ Luciana M. Parker*
Luciana M. Parker (#5177)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, DE 19801
(302) 577-8400
Luciana.Parker@delaware.gov
*Attorney for Defendant*

Dated: April 10, 2023

# **TABLE OF CONTENTS**

TABLE OF CITATIONS .......................................................................... iii

ARGUMENT ........................................................................................1

    I.    Defendant is entitled to Summary Judgment on Plaintiff's ADA and FMLA claims.................................................................................1

    II.    Plaintiff cannot amend her Complaint by raising new counts in response to Defendant's well-supported motion for Summary Judgment.........................................................................................2

    III.    The Court should decline to exercise supplemental jurisdiction ..............3

    IV.    Defendant is entitled to Summary Judgment due to Plaintiff's complete lack of citations to the factual record........................................4

    V.    Plaintiff received all her Worker's Compensation benefits and cannot establish a causal connection between the receipt of her benefits and her termination ......................................................................5

    VI.    Plaintiff cannot establish a claim under the Delaware Discrimination in Employment Act.........................................................................6

CONCLUSION .....................................................................................10

## TABLE OF CITATIONS

*Adams v. Community Bank Delaware*, 2022 WL 263430 (Del. Super. Jan. 27, 2022) ..........................................................................................3

*Bell v. City of Philadelphia*, 275 F. App'x 157 (3d. Cir. 2008) ...............................2

*Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277 (3d Cir. 1993) .............3

*Jones v. Southeastern Pa. Transp. Authority*, 796 F.3d 323 (3d. Cir. 2007) ...........7

*Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317 (3d Cir. 2010)................................3

*Martinez v. Del. State Police,* 2016 WL 6902451 (D.Del. Nov. 23, 2016) .............1

*McLaud v. Industrial Resources, Inc.*, 715 F. App'x 115 (3d Cir. 2017) ................2

*McGlothlin v. Petrunich Oral & Maxillofacial Surgery*, 2022 WL 2783811 (Del. Super. July 15, 2022)..........................................................................4,6

*Podobnik v. U.S. Postal Serv.*, 409 F.3d 584 (3d Cir. 2005) ....................................8

*RBAHTDSR, LLC v. Project 64 LLC*, 2020 WL 2748027 (D. Del. May 27, 2020) ........................................................................................................1

*Roane v. Delaware Transit Corp.*, 2015 WL 1228627 (D. Del. Mar. 17, 2015) ........................................................................................................9

*Schock v. Baker*, 663 F. App'x 248 (3d Cir. 2016) ..................................................4

*Shananhan v. City of Chicago*, 82 F.3d 776 (7th Cir. 1996 ....................................2

*Shaw v. New Castle Cnty.,* 2021 WL 4125648 (D. Del. Sept. 9, 2021) ...................1

*Tolliver v. Qlarant Quality Solutions, Inc.*, 2022 WL 17097602 (Del. Super. Nov. 21, 2022) .........................................................................................3

*Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187 (3d Cir. 1976)................................3

*Weaver v. Marine Bank*, 683 F.2d 744 (3d Cir.1982) ..............................................3

## STATUTUES NAD OTHER AUTHORITIES

Fed. R. Civ. P. 56(c)(1)(A) ........................................................................4,5

Fed. R. Civ. P. 56(e)(2) ..............................................................................4

19 *Del. C.* § 710(7) ....................................................................................2

19 *Del. C.* § 2365 ......................................................................................4

# ARGUMENT[1]

## I.   Defendant is entitled to Summary Judgment on Plaintiff's ADA and FMLA claims.

Plaintiff's Answering Brief ("PAB") appears to acknowledge that DHSS has sovereign immunity for Plaintiff's FMLA claims.  (PAB p. 6).  Thus, judgment should be entered in Defendant's favor on Counts III and IV of Plaintiff's Complaint. *See* D.I. 1, 6-7.  Plaintiff's Answering Brief fails to respond to Defendant's argument that it has sovereign immunity for Plaintiff's ADA claims, *see* Defendant's Opening Brief p. 10-12, and therefore Plaintiff has conceded that Defendant is entitled to summary judgment on Plaintiff's ADA claims.[2]  *See RBAHTDSR, LLC v. Project 64 LLC*, 2020 WL 2748027, at *4 n.2 (D. Del. May 27, 2020) ("[W]hen one side files a motion raising an issue, and the other side does not respond, the other side is considered to have conceded the point."); *Shaw v. New Castle Cnty.,* 2021 WL 4125648, at *2 (D. Del. Sept. 9, 2021) (holding that the plaintiff's failure to address the defendant's arguments for dismissal constitutes an abandonment of those

---

[1] All arguments outlined in Defendant's Opening Brief in support of its Motion for Summary Judgment are explicitly incorporated hereto.

[2] Plaintiff cites to *Martinez v. Del. State Police*, for the proposition that enacting a state law identical to a federal law waives Eleventh Amendment sovereign immunity for federal claims.   2016 WL 6902451 (D.Del. Nov. 23, 2016).   Plaintiff mischaracterizes *Martinez* and fails to identify that Martinez was suing under Title VII and Delaware employment law.  There is no dispute that Congress has waived Eleventh Amendment sovereign immunity for Title VII. Thus, *Martinez* is irrelevant to the instant case.

claims). Congress has not abrogated, nor has Delaware waived, Eleventh Amendment sovereign immunity for ADA (disability discrimination and retaliation) and FMLA (discrimination and retaliation) claims. Thus, this Court should enter judgment in Defendant's favor.

## II. Plaintiff cannot amend her Complaint by raising new counts in response to Defendant's well-supported motion for Summary Judgment.

In response to Defendant's assertion of sovereign immunity for Plaintiff's ADA claim, Plaintiff responds that she has brought state law claims under 19 *Del. C.* § 710(7). (PAB p. 8). Not so. Asserting new claims in response to a well-supported motion for summary judgment is improper and the Court should refuse to consider Plaintiff's new theory of her case. *McLaud v. Industrial Resources, Inc.*, 715 F. App'x 115, 121 n. 5 (3d Cir. 2017) (citing *Shananhan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996 ("A plaintiff may not amend his complaint through arguments in her brief in opposition to a motion for summary judgment.")); *see also Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d. Cir. 2008) (same). Plaintiff's Complaint is clear and only asserts federal ADA claims – not the state ADA claims Plaintiff now seeks to assert. *See* D.I. 1, Count I – Disability Discrimination – Americans With Disabilities Act – Failure to Accommodate (*sic*) and Termination of Employment; Count II – Retaliation – Americans with Disabilities Act. As Plaintiff did not plead such claims, she should not be given the opportunity to insert them now. Thus, as Plaintiff did not include a claim asserting

a violation of Delaware Discrimination in Employment Act in her Complaint, Plaintiff should not be permitted to assert such claim.

## III.   The Court should decline to exercise supplemental jurisdiction.

Absent viable federal claims against Defendant, the decision whether to exercise supplemental jurisdiction over DHSS to hear state law claims is discretionary. *See Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993); 28 U.S.C. § 1367(c). Generally, absent "'extraordinary circumstances,'" supplemental jurisdiction should not be exercised when the federal claims are no longer viable. *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir.1982) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187 (3d Cir. 1976)). *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 322 (3d Cir. 2010). Plaintiff cites to no extraordinary circumstances requiring the Court to exercise supplemental jurisdiction over Plaintiff's state law employment claims. Plaintiff is free to pursue her claims against Defendant in state court. Moreover, Delaware state courts routinely hear and consider state law employment claims. *See generally Adams v. Community Bank Delaware*, 2022 WL 263430 (Del. Super. Jan. 27, 2022) (evaluating a Workers' Compensation retaliation claim); *Tolliver v. Qlarant Quality Solutions, Inc.*, 2022 WL 17097602 (Del. Super. Nov. 21, 2022) (analyzing employment claims under the Delaware Discrimination in Employment Act);

*McGlothlin v. Petrunich Oral & Maxillofacial Surgery*, 2022 WL 2783811 (Del. Super. July 15, 2022) (same).

The only claim that clearly remains is Plaintiff's allegation that Defendant violated the Delaware Worker's Compensation code, 19 *Del. C.* § 2365, by retaliating against Plaintiff. That claim can and should be decided by a Delaware state court. Thus, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV. Defendant is entitled to Summary Judgment due to Plaintiff's complete lack of citations to the factual record.

To the extent the Court exercises supplemental jurisdiction over Plaintiff's remaining state law claim, Plaintiff's failure to properly support the allegations in the Answering Brief warrant judgment in Defendant's favor. As an initial matter, where a plaintiff makes numerous assertions without citing to the factual record of a case when responding to a motion for summary judgment, it is appropriate for the court to grant the defendant's motion. *Schock v. Baker*, 663 F. App'x 248, 251 (3d Cir. 2016) ("A party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact.") (citing Fed. R. Civ. P. 56(c)(1)(A)); *see also* Fed. R. Civ. P 56 (e)(2) (if the non-movant fails to "properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion"). Specifically, the Third Circuit has

4

upheld a district court's grant of summary judgment where the plaintiff's response to the defendant's motion contained a "lengthy narrative" without citations to the record. *Id.* This, the court found, violated Fed. R. Civ. P. 56(c)(1)(A). *Id.* For reasons discussed in more detail below, Plaintiff's Answering Brief is similarly deficient, and Defendant is entitled to summary judgment due to said failure to adhere to the required rules.

### V.   Plaintiff received all her Workers' Compensation benefits and cannot establish a causal connection between the receipt of her benefits and her termination

Plaintiff cannot meet the *prima facie* elements of Workers' Compensation retaliation claim and provides no citation to the record to support her bare allegations.  First, there appears to be no dispute that Plaintiff was approved and received all of her Workers' Compensation benefits. (DA006 p.17 ¶¶15-24). Her argument appears to hinge on the timing between having surgery relate to her Workers' Compensation claim and her termination making the timing "unusually suggestive". (PAB p. 18). Not so. Plaintiff testified that she was originally scheduled to have the surgery earlier, but it had not been approved by Worker's Compensation yet and had to be pushed back. (DA019 p. 69 ¶¶10-23).  Per Plaintiff, surgery was later approved and performed on September 3rd. (DA019 p. 70 ¶¶3-4). Plaintiff's termination was decided prior to her surgery date and her actual termination date. (DA095).  Additionally, the record is devoid of any evidence that Defendant was

aware that Plaintiff was having surgery related to her Workers' Compensation claim. (DA090; DA109 ¶9).

Plaintiff contends that around June 5, 2019, Boulden requested information regarding her Worker's Compensation claim, but offers no proof or reason for why that would be inappropriate or cause suspicion as her manager. Likewise, Plaintiff states that Boulden knew about her surgery, but provided no such evidence.  In summary, Plaintiff has not provided a scintilla of evidence or created a reasonable inference that Defendant terminated her due to her surgery related to her Worker's Compensation claim.  No causal connection has been established. Thus, the Court should grant summary judgment to Defendant on Plaintiff's Workers' Compensation retaliation claim because Plaintiff has not established a *prima facie* case.

## VI.    Plaintiff cannot establish a claim under the Delaware Discrimination in Employment Act.

Should the Court permit Plaintiff to amend her Complaint to include a retaliation and discrimination claim under Delaware Discrimination in Employment Act, Plaintiff's state law claims should be dismissed because she cannot prove that Defendant discriminated or retaliated against her.[3] For either Plaintiff's retaliation or discrimination claims, Plaintiff has not, and cannot, prove a causal connection

---

[3] Plaintiff and Defendant agree that Delaware Discrimination in Employment Act claims are governed by the familiar *McDonnell Douglas* burden-shifting test. *McGlothlin*, 2022 WL 2783811, at *3

between Plaintiff's actions and her termination.   Additionally, Plaintiff has not produced sufficient evidence to conclude that Defendant's legitimate, non-discriminatory reasons for terminating Plaintiff's employment were truly pretextual.

First, Plaintiff alleges that Defendant retaliated against Plaintiff for her requests for reasonable accommodations and her being on medical leave due to her disability and workers compensation claim.[4] (PAB p. 12-13). Plaintiff also contends that Boulden had a history of animus against her because of her disabilities and made her feel threatened by her tone in a meeting on June 5, 2019. *Id.* Summarily, Plaintiff contends that these two events constitute temporary proximity that is "unusually suggestive" and proves Defendant retaliated against Plaintiff when it terminated her employment.   *Id.*   Plaintiff also claims that on July 19, 2019 she complained to DHSS' ADA coordinator that Stephanie Fitzgerald was violating ADA guidelines regarding service animals[5], and thus created tension. *Id.* Plaintiff's unsupported, self-serving allegations, which occurred many months apart, are insufficient to establish a causal connection to establish retaliation.   *See Jones v. Southeastern Pa. Transp. Authority*, 796 F.3d 323,331 (3d. Cir. 2007) (three months between protected activity and adverse employment action was insufficient to establish a causal connection).

---

[4] There is no evidence produced by Plaintiff indicating why she was taking medical leave. (DA090).

[5] This statement is in direct contradiction to evidence produced in discovery (DA059-60). Fitzgerald did not violate ADA guidelines, as the animals involved in the situation were not deemed to be service animals. *Id.* (DA017 p.61-62 ¶¶11-18).

In responding to summary judgment, Plaintiff must put forth actual evidence, more than just a plaintiffs' subjective belief. *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must present more than just bare assertions . . .or suspicions to show the existence of a genuine issue"). No actual evidence exists to confirm Plaintiff's bare assertions and unjustified suspicions.

Second, Plaintiff claims that Defendant discriminated against Plaintiff because Plaintiff was shuffled around the office, was disciplined, and was questioned about her service animal. (PAB p 16). Plaintiff failed to cite to any evidence in the record to support her allegations. The record in this case tells a different story. Plaintiff's move in location was due to a business need (DA014-015 p.53-44 ¶¶24-11) and when Plaintiff complained about issues she had with the cleaning lady and that the floor was too cold for her service animal, it was promptly addressed. (DA058; DA015 p.54 ¶¶12-17). Plaintiff was disciplined for changing her schedule. (DA110 ¶18). A firm discussion of company policy, however, is not evidence of discrimination. Plaintiff claims that Boulden prohibited Plaintiff from relieving her service animal. This is inaccurate. Instead, at Boulden's request to assist her with an office task, Plaintiff performed the task first and then went to relieve her service animal. (DA007 p.22 ¶2-14). This is not a showing of discrimination. Plaintiff has not proven that Defendant discriminated against her.

Finally, Plaintiff's employment was terminated because of a legitimate, non-discriminatory reason and Plaintiff has not proven pretext.  Plaintiff attempts to argue that there is question over whether Plaintiff can change her own schedule, but she has failed to provide evidence that she could not. *Id.* (DA013 p.47-48 ¶¶23-2). It is undisputed that Plaintiff's assigned ID# to eStar showed that she changed her schedule and Plaintiff has cited to no evidence to the contrary. (DA070-078). Plaintiff knew that changing her schedule was against company policy. (DA014 p.50 ¶¶16-21).   The evidence also confirms that Plaintiff sent two emails without authorization during a heightened situation (DA086-DA088).  Defendant's decision to terminate Plaintiff was decided after Plaintiff's direct violation of inappropriate use of the eStar system (May 13, 2019) and the unauthorized emails sent to building staff on August 5, 2019. (DA096-097).  Plaintiff has not presented any evidence to support that Defendant's legitimate, non-discriminatory reasons for terminating Plaintiff were pretext for retaliation and discrimination. *See Roane v. Delaware Transit Corp.*, 2015 WL 1228627, at *3-4 (D. Del. Mar. 17, 2015) (granting summary judgment where "nothing before the Court ... contradict[ed] the proffered reason" for the adverse employment action).  Thus, this Court should grant summary judgment in Defendant's favor.

## CONCLUSION

WHEREFORE, Defendant respectfully request that this Honorable Court grant Defendant's Motion for Summary Judgment.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Luciana M. Parker*
Luciana M. Parker, ID No. 5177
Deputy Attorney General
Department of Justice
Carvel State Office Building
820 N. French St., 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
*Attorney for Defendant*

Date: April 10, 2023