# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH SHORT | : | |
|     Plaintiff, | : | CASE NO. 1:21-cv-1121-CFC |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| STATE OF DELAWARE DIVISION OF HEALTH AND SOCIAL SERVICES | : | |
|     Defendants. | : | |

## PLAINTIFF ELIZABETH SHORT'S
## MOTION TO FILE FIRST AMENDED COMPLAINT

**COMES NOW**, Elizabeth Short, Plaintiff, by and through her undersigned counsel, and moves this Honorable Court for leave to file a First Amended Complaint for the purposes of specifically clarifying her state law claims. In support hereof, Plaintiff avers:

    1.    Plaintiff filed her complaint against Defendants on August 2, 2021, based on claims of disability discrimination pursuant to Federal and State law and violations of the Family Medical Leave Act.

    2.    Plaintiff requests leave to amend her complaint to clarify that her disability claims are based on both the Americans with Disabilities Act and 19 *Del. Code* §720 known as the Persons with Disabilities Employment Protections Act.

    3.    Plaintiff's complaint references disability discrimination violations based on both the State and Federal Code.

4. No further discovery is necessary by the amendment as Delaware's employment discrimination statute is nearly identical to the federal Title VII employment discrimination statute.

5. Amendment Requests under Rules 15(a) should be granted freely when justice so requires. See *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103 (D. Del. 2001) Courts have shown a strong liberality in allowing amendments" *Foman v. Davis*, 371 U.S. 178 (1962), *Zenith Radio Corporation v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971). Although the decision to grant or deny leave is committed to the sound discretion of the district court, "outright refusal to grant the leave without any justifying reason is abuse of discretion and inconsistent with the spirit of the Federal Rules." See *U.S. Steel Corp.*, 856 F.2d 514 (3d Cir. 1988)

6. Delay alone is insufficient ground to deny a motion to amend. *Coventry v. U.S. Steel Corp.*, 856 F.2d 514 (3d Cir. 1988) In *Coventry*, the Court reversed a district court decision denying a motion to amend because the Court deduced that the district court denied a Motion to Amend because it was made after considerable proceedings in the case had already transpired.  The District Court noted that discovery had been closed for approximately eight months prior to the filing of the Motion to Amend. In addition, the district court referenced that the case was on the trial list at the time that the plaintiff made his motion. Here, no

further discovery is necessary because of the amendment. Unlike *Coventry*, this case does not have a trial date.

7. Prejudice is not to be considered to have occurred unless the motion is made during or after the actual trial. *Cf. Jenn-Air Products Co. v. Penn Ventilator*, 283 F. Supp. 591 (E.D.Pa. 1968) At this juncture, the trial is not scheduled. As a result, there is a presumption of no prejudice. Assuming arguendo that this Court should consider prejudice, there is no prejudice to Defendant as both parties have had ample discovery on the identical issues involving Plaintiff's claims.

8. The defendant suffers no prejudice as the state code and federal law are simpatico regarding the standard for retaliation and discrimination. The Courts look at federal interpretations to substitute for a lack of state authority on these matters. *Paitsel v. State*, K15C-02-030 JJC (Del. Super. Ct. Apr. 7, 2016)

9. Allowing Plaintiff to amend her complaint to clarify her state claims is supported by the law and the rules. The policy of the law and this Court is to support a full adjudication of the facts. This Court rejects the premise that "pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41 (1957).

**THE POLIQUIN FIRM, LLC**

                                       <u>/s/ Ronald G. Poliquin</u> (I.D. 4447)
                                       Ronald G. Poliquin, Esquire
                                       1475 S. Governors Ave.
                                       Dover, DE  19904
                                       (302) 702-5501
                                       Attorney for Elizabeth Short

Date: April 17, 2023