THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH SHORT | : | |
| | : | |
| Plaintiff, | : | C.A. No. 1:21-cv-1121-CFC |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE DIVISION | : | |
| OF HEALTH AND SOCIAL | | |
| SERVICES | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR LEAVE TO AMEND THE COMPLAINT

**COMES NOW**, Defendant Delaware Division of Health and Social Services ("DHSS") by and through the undersigned counsel and respectfully submits its opposition in response to Plaintiff's Motion For Leave To File An Amended Complaint filed with the Court on April 18, 2023. (D.I. 38). Defendant's opposition states as follows:

1.  Plaintiff filed her Complaint on August 2, 2021 (D.I. 1), alleging federal claims under the Americans With Disabilities Act ("ADA") and Family and Medical Leave Act ("FMLA") for disability discrimination and retaliation and the state claim for discrimination and retaliation under the Workers' Compensation Act.

2. In accordance with the Scheduling Order, discovery ended January 30, 2023 (D.I. 16).

3. Defendant filed its Opening Brief in Support of a Motion for Summary Judgment on March 10, 2023. (D.I. 27).

4. Plaintiff filed her Answering Brief in Opposition to Defendant's Opening Brief in Support of a Motion for Summary Judgment on March 31, 2023. (D.I. 32). Plaintiff asserted that her claims against Defendant were both federal claims and state law claims for disability discrimination and retaliation.

5. Defendant filed its Reply to Plaintiff's Answering Brief on April 10, 2023. (D.I. 35). Wherein, Defendant argued that Plaintiff never pled state law claims for disability discrimination and retaliation in her original complaint and therefore, must be barred from asserting new claims. *Id.* at 6.

6. Plaintiff seeks to Amend her Complaint by ***clarifying*** that her disability discrimination claims are based on both the ADA and 19 Del Code §720 Persons with Disabilities Employment Protections Act. **(D.I. 38, ¶2).**

### Argument

7. Plaintiff's request to amend the Complaint should be denied as it represents undue and unexplained delay. "[L]eave to amend 'shall be freely given when justice so requires.'' *SRI Intern. Inc. v. Internet Sec. Systems, Inc.,* 817 F.Supp.2d 418, 421 (D. Del, October 4, 2011) citing to *Foman v. Davis,* 371 U.S.

178, 182 (1962)...."[D]enial [of leave to amend] must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *USX Corp. v. Barnhart,* 395 F.3d 161, 166 (3d Cir. 2004)(quoting *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413-14 (3d Cir. 1993)).

8. First, Plaintiff contends that she filed her complaint against Defendant based on claims of disability discrimination pursuant to Federal and State law and violations of FMLA. (D.I. 38 ¶1). She also alleges that her complaint referenced disability discrimination and retaliation violations based on both the State and Federal Code. *Id.* at ¶3. Both statements are inaccurate. In fact, Plaintiff did not file state claims of disability discrimination and retaliation pursuant to state law, an argument, raised in Defendant's Reply Brief. (D.I. 35, p. 6-7). However, now, after Defendant has filed its Reply Brief and identified Plaintiff's insufficiency, she requests this Court to view her proposed amendment as a ***clarification***. A change of Plaintiff's legal theory or claims is not a clarification. The amendment seeks to inject new issues into the case by adding new legal theory and claims based on state law. *See Cornell & Co., Inc. v. Occupational Safety and Health Review Commission,* 573 F.2d 820, 824 (3d Cir. 1978). Defendant's reliance on Plaintiff's original claims and allegations prevented additional discovery inquiry and deposition testimony.

9. Second, Plaintiff relies on *Coventry v. U.S. Steel Corp.,* 856 F.2d 514 (3d Cir. 1988) to support her argument that her amendment should be allowed because delay alone is not sufficient grounds to deny it. (D.I. 38 ¶¶6,7). However, Plaintiff's delay is undue and plaintiff has failed to provide any reason for the delay. *See Cureton v. National Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (motion to amend denied where no reasonable explanation was given for the undue delay). *See also Lorenz,* 1 F.3d 1406, 1414 (3d Cir. 1993) (same). Plaintiff's complaint was filed almost 2 years ago and had plenty of time and opportunity to amend earlier. Plaintiff does not contend that any of the case facts were unavailable to her when she filed her complaint. *See Chestnut v. Finck,* 722 F. App'x 115, 118 (3d Cir. 2018) (motion to amend denied where filed 14 months after the complaint). Thus, the request should be denied.

10. Third, Plaintiff argues that Defendant is not prejudiced by the amendment sought because no trial date has been set. (D.I. 38 ¶7). In addition, she argues that there is no prejudice to Defendant because the state law and the federal law are similar to each other on the issues of retaliation and discrimination. *Id.* Plaintiff is mistaken. Defendant must now defend against an amendment and propound additional discovery specific to any new state law claims. The delay places an unwarranted burden on the court and undermines the interest of judicial economy and finality. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d. 263, 266 (3d Cir. 2008).

Plaintiff is requesting that she be allowed a do-over, because Defendant pointed out a weakness in her claim. Plaintiff should not be allowed a do-over and assert new legal theories, disguised as a *clarification*, that could have been asserted much earlier in the proceedings and is thus inequitable. *Goldfish Shipping, S.A. v. HSH Nordbank AG,* 623 F.Supp. 2d 635, 640-641 (E.D. PA. April 1, 2009) (court denied motion to amend to assert new legal theories and permutations of its prior claims).

11. It is apparent that plaintiff's request is designed to avoid an impending adverse summary judgment. It suspiciously comes after the filing of Defendant's Reply Brief.[1] Additionally, Plaintiff gives no reason for the *clarification*, why it's necessary and why it was not done previously in the litigation.[2]

12. Finally, Plaintiff's proposed Amended Complaint is not in accordance with Local Rule Fed. R. Civ. P. 15.1(b). Plaintiff's redline does not represent the changes between the original complaint and the proposed complaint.

---

[1] Such timing of adding of new claims seen as suspicious and potential bad faith. *See In re Vertis Holdings, Inc.* 536 B.R. 589, 616-617 (D. Del. September 11, 2015) (court found that motion was filed in "bad faith").

[2] There is no justification for why the claims and legal theories could not have been included in the original complaint. *In re EP Liquidation, LLC,* 583 B.R. 304, 318 (D. Del. April 9, 2018) (court looked at reasons why a party did not seek to amend earlier).

## Conclusion

For the above reasons, Defendant requests that Plaintiff's First Motion for Leave to Amend the Complaint be dismissed.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

<u>/s/ Luciana M. Parker</u>
Luciana M. Parker, ID No. 5177
Deputy Attorney General
Department of Justice
Carvel State Office Building
820 N. French St., 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
*Attorney for Defendant*

Date: May 1, 2023