IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:21-cv-1121-SRF |
| ) | |
| STATE OF DELAWARE DIVISION ) | |
| OF HEALTH AND SOCIAL ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

Ronald Poliquin, THE POLIQUIN FIRM, LLC, Dover, DE.

 Attorney for Plaintiff.

Nicholas D. Picollelli, Jr., DEL. DEP'T OF JUST., DEF. LITIG. UNIT, Wilmington, DE.

 Attorney for Defendant.

**MEMORANDUM OPINION**

October 3, 2024
Wilmington, DE

**FALLON, U.S. MAGISTRATE JUDGE:**

 Presently before this court is an employment case filed by Plaintiff, Elizabeth Short against Defendant, State of Delaware Division of Health and Social Services ("DHSS"), alleging disability discrimination and retaliation, in violation of the following federal and state statutes, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Delaware Discrimination in Employment Act, ("DDEA"). 19 *Del. C.* § 711 *et seq*; 19 *Del. C.* § 710(6)[1]. (*See* D.I. 1)  Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (D.I. 26).[2] Plaintiff opposed the motion and filed a motion to amend her complaint pursuant to Rule 15(a) (D.I. 38),[3] which Defendant opposes. (D.I. 40)

 The motions were referred to the undersigned Magistrate Judge on October 4, 2023. (D.I. 42)  On October 11, 2023, the parties consented to jurisdiction of the undersigned Magistrate Judge to conduct all proceedings in this case, including, trial, the entry of final judgment, and all post-trial proceedings, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (D.I. 43)  Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331.  For the reasons that follow, Defendant's motion for summary judgment is **GRANTED-IN-PART** and Plaintiff's motion to amend is **DENIED AS MOOT**.

**I.   BACKGROUND**

 Plaintiff began her employment with Defendant in 2016 as a seasonal office manager.

---

[1] Plaintiff's original complaint (D.I. 1), identifies Delaware statutes in ¶ 30 (alleging disability discrimination) and ¶ 34 (alleging retaliation) but does not state the title of the specific statute under which she seeks relief.
[2] The briefing submitted for the motion for summary judgment can be found at D.I. 27, D.I. 28, D.I. 29, D.I. 32, D.I. 33, D.I. 34, and D.I. 35.
[3] The briefing for the motion to amend can be found at D.I. 38 and D.I. 40.

2

(D.I. 28 at DA003:7:5–9) On October 22, 2018, Plaintiff suffered a shoulder injury at work when a large door "grabbed the back of [her] shoe" and caused her to fall forward onto the floor. (*Id.* at DA061) Plaintiff filed a workers' compensation claim for the injury the following day. (*Id.* at DA062)

Throughout her employment, Plaintiff states she suffered from post-traumatic stress disorder, anxiety, seizures, low blood pressure, and panic attacks. (*Id.* at DA006:19:2–11) Plaintiff brought a service dog with her to work daily. (*See, e.g., id.* at DA006:19:2–4, 20:1–4)

On May 13, 2019, Plaintiff was promoted from her part time seasonal position to a full-time position as a Merit Administrative Specialist I at DHSS. (D.I. 28 at DA004:10:1–16) As a result of the promotion, Plaintiff had access to DHSS' employee timekeeping software, eStar. (*See id.* at DA026:13:10–13) On May 16, 2019, Plaintiff was accused of using eStar to change to her own work schedule. (*Id.* at DA109 ¶¶ 10–12; DA110 at ¶¶ 13–16) This was in violation of DHSS policy and the Delaware Division of Social Services Employee Guide. (*Id.* at DA98–100; DA103–05; *see also* DA110 ¶¶ 13–14) Plaintiff alleges that she requested another employee change her work schedule and that she did not do it herself. (*E.g., id.* at DA018:68:1–10) But a software audit report found that the change was made by Plaintiff's unique user ID. (D.I. 28 at DA077–78) She was given a ten (10) day suspension with pay for the incident.[4] (*Id.* at DA079–81; DA111 ¶ 19)

On June 5, 2019, Plaintiff's superior, Kimberly Boulden, entered Plaintiff's office to discipline her for the eStar incident. (*Id.* at DA021:78:7–13) Boulden allegedly told Plaintiff she read her emergency contact card and that "she knew" about her medical condition and why

---

[4] Plaintiff was originally suspended for ten (10) days without pay, but this was changed after she indicated it would cause her financial hardship. (D.I. 28 at DA079)

3

she had a service animal. (*Id.* at DA017:64:1–17) Plaintiff states that Boulden's language implied that she was "watching" Plaintiff and that she knew "everything about" Plaintiff's medical conditions. (*Id.* at DA017:64:22–DA018:65:3) Plaintiff was allegedly so upset after the reprimanding, that Boulden believed she was going to have a seizure and sent her home. (*Id.* at DA017:64:7–10) Boulden denies that she ever "threaten[ed], harass[ed], [or] berate[d]" Plaintiff. (*Id.* at DA110 ¶¶ 17–18)

On August 6, 2019, DHSS management and Plaintiff became aware of an armed man in the building's parking lot. (*Id.* at DA089) Plaintiff, upon learning about the armed individual, wrote an email to all DHSS staff that read: "Good afternoon, Blue Hen is currently on lockdown until further notice!! No one is to leave the building." (*E.g., id.* at DA086) Boulden then approached Plaintiff and told her she should not have sent the email without being directed to do so and that it caused unwarranted alarm among the staff in the building. (*Id.* at DA089) Despite this, Plaintiff then sent another email saying "Good afternoon, We are all clear. The lockdown has been lifted." (*Id.* at DA087) Plaintiff was disciplined for sending the email because she was not authorized to do so and a DSS Conference Note was filed against her on August 9, 2019. (*See id.* at DA089)

On August 29, 2019, Plaintiff complained to DHSS' ADA Coordinator that DHSS was not properly accommodating her disabilities. (*Id.* at DA035:46:20–47:5) Plaintiff began FMLA leave on September 3, 2019. (*Id.* at DA019:69:19–70:4) However, on September 4, 2019, based on the incidents outlined above, DHSS fired Plaintiff on Boulden's recommendation during her probationary period. (*Id.* at DA096-7)

Plaintiff timely filed charges of Discrimination with the Equal Employment Opportunity Commission on or about December 31, 2019. (D.I. 1 at ¶ 5) On May 4, 2021, the EEOC issued

Plaintiff a "Right to Sue Notice." (*Id.* at ¶ 6) Plaintiff filed this lawsuit on August 2, 2021 asserting five counts: Count I asserts discrimination pursuant to the ADA and 19 *Del. C.* § 711. (*Id.* at ¶¶ 29–32) Count II asserts retaliation pursuant to the ADA and 19 *Del. C.* § 710(6).[5] (*Id.* at ¶¶ 33–35) Count III asserts FMLA discrimination. (*Id.* at ¶¶ 36–40) Count IV asserts FMLA retaliation. (*Id.* at ¶¶ 41–46) Count V asserts workers' compensation retaliation under Delaware law.[6] (*Id.* at ¶¶ 47–52)

DHSS filed the pending motion for summary judgment on March 10, 2023. (D.I. 26) Plaintiff's motion to amend her complaint was filed on April 18, 2023. (D.I. 38) DHSS' summary judgment motion was fully briefed on April 10, 2023. (D.I. 35) Plaintiff's motion to amend her complaint was fully briefed on May 1, 2023. (D.I. 40) Both motions are ripe for review.

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed

---

[5] 19 *Del. C.* § 710(6) is a definitional section of 19 *Del. C.* § 711 and does not provide, on its own, a cause of action.

[6] Plaintiff's complaint does not identify the Delaware Workers' Compensation statute citation which prohibits retaliation against an employee claiming workers' compensation benefits. The correct statutory reference is 19 *Del. C.* § 2365.

material fact. *See Celotex*, 477 U.S. at 322. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support the assertion by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted); *see also Celotex*, 477 U.S. at 322. If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

### III. DISCUSSION

Before reaching the merits of the Plaintiff's allegations, the court must consider the threshold question of whether Defendant's sovereign immunity bars Plaintiff's FMLA and ADA

claims.

## A. Eleventh Amendment Immunity Bars Plaintiff's FMLA Claims

State employees are barred from suing in federal court for FMLA discrimination and retaliation pursuant to the self-care provision of the statute, i.e. when the leave was taken for the employee's own health needs. *See Alfred v. Harris County Hospital District*, 666 F. App'x 349, 352 (2016) ("Accordingly, a State enjoys sovereign immunity from suit for an FMLA claim for retaliation based on the self-care provision") In Plaintiff's answering brief she acknowledges that based upon the *Alfred* case her FMLA claims cannot survive summary judgment. The Plaintiff represents that she, "voluntarily dismisses [the] FMLA claims based on the case law presented in Defendant's brief." (D.I. 32 at 6) Accordingly, Defendant's motion for summary judgment is **GRANTED** and Counts III and IV of the complaint shall be dismissed with prejudice.

## B. Eleventh Amendment Immunity Bars Plaintiff's ADA Claims

Defendant argues that state employees are prohibited from suing in federal court for recovery of money damages for the state's alleged failure to comply with Title I of the ADA. 42 U.S.C. § 12101 *et seq*; *see Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005). Accordingly, an ADA retaliation claim is also barred when sovereign immunity bars the underlying Title I ADA claim.

This court has previously held that DHSS, the Defendant in this case, has not waived its sovereign immunity to ADA claims under Titles I or V of the ADA. *Brooks v. Del. Dep't. of Health and Soc. Servs.*, 2012 WL 1134481, at *4 (D. Del. Mar. 30, 2012) (concluding "that because DHSS, as an agency of the State of Delaware, is an 'arm of the state,' it is entitled to sovereign immunity with respect to Brooks' claims filed pursuant to Title I of the ADA. Further,

7

DHSS is also immune from Brooks' Title V claim because this retaliation claim is premised on DHSS' alleged discrimination under Title I.") (citations omitted); *Gresham v. Del. Dep't of Health and Soc. Servs.*, 2018 WL 6616943, at *3 (D. Del. Dec. 18, 2018) (noting same).

Plaintiff does not address the Defendant's argument that sovereign immunity bars Plaintiff's ADA claim, therefore Plaintiff's opposition is waived. *See Player v. Motiva Enterprises*, LLC, 240 F. App'x 513, 522 (3d Cir. 2007) (if the movant meets its initial burden on summary judgment, "the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact" and cannot later argue same on appeal if that evidence was not identified to the district court at the summary judgment stage. (citations omitted)).

Plaintiff instead argues that the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710(7) and 19 *Del. C.* § 714(c), abrogate sovereign immunity for the state claims. (D.I. 32 at 8) Plaintiff concludes that ". . .even if Plaintiff's claims against the State of Delaware are barred by sovereign immunity regarding its federal claims, they are proper pursuant to her analog state claims." (*Id.* at 7-8) Relying upon *Martinez,* Plaintiff argues that the state has expressly consented to suit for such violations of Delaware's anti-discrimination laws. *Martinez v. Del. State Police*, No. 16-cv-564-RGA (D. Del. Nov. 23, 2016).

Plaintiff's failure to directly address the argument that her federal claims are barred by sovereign immunity warrants dismissal of the claims under Title I and Title V of the ADA.

Accordingly, summary judgment is hereby **GRANTED-IN-PART** and Plaintiff's Title I and Title V claims under the ADA, alleged in Counts I and II of the complaint, are dismissed with prejudice.

### C. Plaintiff's State Law Claims of Discrimination and Retaliation

In Defendant's opening brief, it acknowledges that the Plaintiff has not only alleged an ADA claim, but has also asserted claims under state law, namely, the Delaware Discrimination in Employment Act, 19 *Del. C.* § 711 *et seq.* and Delaware Persons with Disabilities Employment Protections Act ("DPDEPA"), 19 *Del. C.* § 720.[7] (D.I. 27 at 16, n.5; D.I. 27 at 13)[8] Defendant argues that even if the Plaintiff's claims survive Eleventh Amendment immunity, then summary judgment is still appropriate because the Plaintiff cannot satisfy the following three-pronged test required to state a claim for disability discrimination:

> (1) [the claimant] has a disability under the DPDEPA or the ADA; (2) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she suffered an adverse employment action as a result of discrimination, including her employer's refusal to make a reasonable accommodation for her disability.

*Tolliver v. Delmarva Foundation for Medical Care*, 2020 WL 4335521, at *4 (D. Del. July 28, 2020) (citing *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186 (3d Cir. 2009).

For purposes of the pending motion, the Defendant does not dispute that the Plaintiff has satisfied the first two prongs. Plaintiff is disabled, her disability required her to have a service animal, and she was able to perform her essential job functions as an office manager with the service animal accommodation. (D.I. 27 at 13) Defendant only disputes the third prong, whether Plaintiff was unlawfully terminated due to her disability. (*Id.* at 14)

Contrary to its acknowledgment in the opening brief of Plaintiff's claims under both federal and state law, Defendant changes its position in the reply brief. Defendant argues in its

---

[7] Plaintiff does not cite to the DPDEPA in her original complaint. (*See* D.I. 1) Defendant identifies the statute in its opening brief in support of summary judgment. (D.I. 27 at 13) Plaintiff apparently seeks to correct the omission in her proposed amended complaint. (D.I. 38-3 at ¶ 30)

[8] Defendant does not cite to the full Delaware statute in their briefing.

9

reply that the complaint only asserts federal ADA claims and does not include the state disability discrimination claims Plaintiff asserted in her answering brief. (D.I. 35 at 2–3) Defendant contends that the Plaintiff improperly attempts to amend her complaint through new counts alleged in her answering brief. (*Id.*) In response, Plaintiff filed the pending motion to amend the complaint to expressly identify the DPDEPA, 19 *Del. C.* § 720 *et. seq*, along with her ADA claims in Counts I and II. (D.I. 38-3) The court will address Plaintiff's motion to amend *infra*, at section III.D.

Defendant's change of position in its reply brief ignores the statutory references to the Delaware Discrimination in Employment Act which appear in the complaint. (*See* D.I. 1 at ¶¶ 30, 34) Although Plaintiff did not include the titles of the applicable state statutes, the citations in the operative complaint provide sufficient notice to Defendant of Plaintiff's claims of discrimination and retaliation under the corresponding Delaware statutes.

Turning to the merits of Plaintiff's claims, Defendant argues that there is only one instance of Plaintiff complaining she was discriminated against because a co-employee complained about her service animal. (D.I. 27 at 14–15) Defendant argues that the complaint was resolved without further consequence. (*Id.*) Moreover, Defendant argues that Plaintiff's allegations of improper scrutiny and harassment by Boulden, do not amount to a *prima facie* case of disability discrimination. (*Id.* at 15)

Moreover, Defendant argues, assuming a prima facie case, there are legitimate non-discriminatory reasons for the termination of the Plaintiff, such as, Plaintiff's use of the e-Star system to change her own work schedule, and distribution of the improper and unauthorized "lock-down" emails. (*Id.*) In addition, Plaintiff fails to show that she was retaliated against for engaging in any protected activity. (*Id.* at 16–17) Defendant argues that Plaintiff's workers'

compensation retaliation claim pursuant to 19 *Del. C.* § 2365 should be dismissed for similar reasons and also because filing a workers' compensation claim is not a protected activity under the ADA. (*Id.* at 20–22) Setting aside the merits, Defendant argues that the court should decline to exercise supplemental jurisdiction over the state law claims. (*Id.* at 21)

Plaintiff argues that Defendant's proffered reasons are pretextual and that there are disputed facts concerning Boulden's discrimination against her. (D.I. 32 at 13–15) Furthermore, Plaintiff contends that she was retaliated against for complaining about reasonable accommodations and engaging in protected activities just prior to her termination. (*Id.* at 15) Plaintiff argues that common facts predominate all her claims, and it is appropriate for the court to exercise supplemental jurisdiction. (*Id.* at 19) For the reasons which follow, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**D. Supplemental Jurisdiction**

A federal court has supplemental jurisdiction over a state law claim when the claim "arise[s] out of a common nucleus of operative fact" with the claims over which the court has original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see* 28 U.S.C. § 1367(a). A federal court "may decline to exercise supplemental jurisdiction over a claim [] if [] the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

Because the court has determined that the Plaintiff's federal law claims under the ADA and FMLA should be dismissed with prejudice, the only remaining counts of the operative complaint concern issues of state law. *See* § 1367(c)(3); *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 174 (3d Cir. 2009); *Grubbs v. Univ. of Del. Police Dep't*, 174 F. Supp. 3d 839, 859 (D. Del. 2016) (explaining that "the court should ordinarily refrain from exercising jurisdiction in the

absence of extraordinary circumstances" when all federal claims have been dismissed) (internal citations omitted). The court does not find, nor has the Plaintiff cited to, any extraordinary circumstances that would warrant the exercise of supplemental jurisdiction. *Artis v. D.C.*, 583 U.S. 71, 77–78 (2018).

Accordingly, this court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to the DDEA, alleged in Counts I and II, and the workers' compensation retaliation claim, in Count V.

### E. Plaintiff's Motion to Amend

On April 18, 2023, Plaintiff filed a motion to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a), after the summary judgment motion in this action was fully briefed. (*See* D.I. 38) Plaintiff, in filing her motion to amend, failed to provide a complete redlined copy of the proposed changes to the complaint, in violation of the Local Rules of this court. *See* D. Del. LR 15.1(b). Notwithstanding the omission, the proposed amendment relates solely to the statutory basis for the Plaintiff's state law claims in paragraphs 30 and 34 of the complaint and does affect her claims under federal law. (D.I. 38-3 ¶¶ 30, 34) Plaintiff acknowledges that the proposed amendment is for the purpose of clarifying her state law claims. (D.I. 38 at ¶ 9)

Defendant opposes any such amendment because it comes too late in the case and asserts new state law claims that arose during the briefing of the summary judgment motion. (D.I. 40 at ¶¶ 8–9)

For the reasons previously discussed in section III.D., *supra*, the court does not find that the Plaintiff's state law claims are new to the case. Regardless, the court has declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Accordingly, Plaintiff's motion to amend is **DENIED AS MOOT**.

## IV. CONCLUSION

For the foregoing reasons, the court finds as follows:

1) Defendant's motion for summary judgment is **GRANTED-IN-PART** and Plaintiff's, Title I and Title V claims under the ADA, alleged in Counts I and II of the complaint, are **dismissed with prejudice**;

2) Defendant's motion for summary judgment is **GRANTED-IN-PART** and Plaintiff's FMLA claims, alleged in Counts III and IV of the complaint, are **dismissed with prejudice**;

3) The court declines to exercise supplemental jurisdiction over the remaining state law claims for relief under the Delaware Discrimination in Employment Act, 19 *Del. C.* § 711 *et. seq*, Delaware Persons with Disabilities Employment Protections Act, 19 *Del. C.* § 720, and Workers' Compensation Retaliation, 19 *Del. C.* § 2365, alleged in Counts I, II and V; and

4) Plaintiff's motion to file her amended complaint, is **DENIED AS MOOT.**

An Order consistent with this Memorandum Opinion shall issue.